Vetter v. The People.

3   385<br>137s 584

## Gustave Vetter

### v.

## The People of the State of Illinois.

1. Suit for tax on forfeited property—What must be shown.— To warrant a recovery in a suit under the statute, for the amount of tax due on forfeited property, the plaintiff must show that there had been a notice, a judgment, a process issued for the sale of the property, an offer and a failure to sell for want of bidders.

2. Failure to show process.—Without proof that such process as the statute requires was issued, there can be no sale or offer to sell the property that would bind anybody interested.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Krome & Hadley, for appellant; as to what is necessary to prove a forfeiture, cited Scott v. The People, 2 Bradwell, 642.

There can be no personal liability for taxes of previous years, levied before appellant became the owner: Rev. Stat. Chap. 120 § 59; Cooley on Taxation, 303; Atlantic R. R. Co. v. Clines, 2 Dillon, 175; Commissioners v. Claggett, 31 Md. 210.

The steps required by statute to create a forfeiture are all

essential to give the court jurisdiction, and must be shown: Spellman v. Curtenius, 12 Ill. 409; Pickett v. Hartsock, 15 Ill. 279; Morgan v. Camp, 16 Ill. 175; Chiniquy v. The People, 78 Ill. 570.

Mr. Cyrus L. Cook and Messrs. Wise & Davis, for appellee.

Allen, J. This was a suit brought by appellees against appellant, to the October term of the Madison Circuit Court, A. D. 1878, for the recovery of an amount due on certain lands forfeited to the State, for the non-payment of taxes.

Under Sec. 230, Chap. 120, Revised Statutes, 1874, " The county board may at any time institute suit in an action of debt, in the name of the people of the State of Illinois, in any court of competent jurisdiction, for the amount due on forfeited property."

The declaration was in debt for $1,386.08; to which a demurrer was filed by defendant. The demurrer was overruled by the court, and one of the errors assigned is the overruling of the demurrer by the court. Our examination of the declaration satisfies us that the demurrer was properly overruled. To entitle the appellees to recover under this declaration, it was necessary that they should show the amount due, and that the property had been forfeited, and that the necessary steps to work a forfeiture had been taken. To create a forfeiture there must have been a notice, a judgment, a process, issued for the sale of the property, an offer of the property for sale, and a failure to sell for want of bidders.

In this record there is no process shown upon which the land was offered for sale by the collector. The 194th section of the revenue act requires the clerk " before the day of sale to make a record of the lands and lots against which judgment is rendered, which shall set forth the owner's name, if known, a description of the property, total amount of judgment on each tract or lot, the year or years for which the same is due, etc. etc., to which the order of court shall be attached, and his certificate that such record is correct, and that this record shall be the process on which such property shall be sold, etc. etc. An

Vetter v. The People.

examination of this record fails to show any such process issued by the clerk to the collector, without which there could be no sale or offer to sell that would bind any one in interest."

The collector would be as powerless to sell and convey as would a sheriff to sell to satisfy a judgment without an execution, and however regular every other step in the proceeding may have been, the failure to show a process on which an offer was made, must be fatal to a recovery. Appellee in his brief insists that there was a precept. Appellee introduced Judgment Book H, page 51, which shows application for judgment on out lot No. 6, and then that part of Book B showing forfeiture. The only thing that appears in this record on the subject of a process is in the testimony of W. H. Hall, a witness called by appellant, who when shown a paper and asked what paper it was, answered: "That is a precept of the tax sale of 1878." This paper was not introduced in evidence, so far as the record shows, nor does the record disclose its contents. There seems to have been an advertisement attached to it, which Hall says was before the County Court when judgment was rendered. And this is all we find in the entire record on that subject. Whether the paper referred to contained any of the essential requisites of a process we cannot determine, as it does not seem to have been read before the court at all. With our view of the necessity of showing a process on which this forfeited lot was offered for sale, we deem it unnecessary to enter into the discussion of several other errors assigned. This cause was submitted to the judge without the intervention of a jury. A motion was made in arrest of judgment, which was overruled, and judgment rendered for appellees for $1386.08 and cost. We regard the evidence as insufficient to authorize the judgment, hence we reverse and remand the cause.

Reversed and remanded.